UNITED STATES DISTRICT COURT             FOR ONLINE PUBLICATION ONLY
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

ROBERT J. PEDREIRA, SR.,

        Plaintiff,                              MEMORANDUM
                                                AND ORDER
                                                08-CV-794 (JG) (LB)
   -against-

CAMERON LINDSAY, et al.,

        Defendants.
-------------------------------------------------------------x

ROBERT J. PEDREIRA, SR.,

        Petitioner,
                                                08-CV-2304 (JG)
   -against-

CAMERON LINDSAY, et al.,

        Respondent.
-------------------------------------------------------------x

A P P E A R A N C E S :

    ROBERT J. PEDREIRA, SR.,
        04754-036
        MCC New York
        150 Park Row
        New York, NY 10007
        Plaintiff/Petitioner, *Pro Se*

    BENTON J. CAMPBELL
        United States Attorney
        Eastern District of New York
        271 Cadman Plaza East, 7th Fl.
        Brooklyn, NY 11201
    By:    Seth D. Eichenholtz, Assistant United States Attorney
        Attorneys for Defendants/Respondents

JOHN GLEESON, United States District Judge:

Robert Pedreira, currently incarcerated in Manhattan's Metropolitan Correctional Center (MCC), moves for a preliminary injunction ordering his immediate transfer to the Residential Reentry Center (RRC)—the current technical term for a "halfway house"—in Portland, Maine. Because I cannot grant the relief Pedreira seeks, I deny the motion.[1]

## BACKGROUND

Pedreira is a sentenced inmate who was transferred from the Satellite Camp at the U.S. Penitentiary in Lewisburg, Pennsylvania, to the Metropolitan Detention Center (MDC) in Brooklyn, New York, on June 12, 2007.

Pedreira claims that, initially, "he was to be released to an RRC" on May 27, 2008, six months before the end of his sentence. Mot. for Prelim. Inj. ("Motion") at 2, *Pedreira v. Lindsay*, No. 08-cv-2304 (E.D.N.Y. Jul. 3, 2008). The government contends that Pedreira's Lewisburg case manager was "contemplating recommending a placement in a RRC of 150-180 days," but that Pedreira was transferred to the MDC before a formal recommendation was made. Mem. of Law in Opp'n to Pl.'s Mot. for a Prelim. Inj. and In Resp. to Pl.'s Letter of July 3, 2008 ("Memo") at 3, *Pedreira v. Lindsay*, No. 08-cv-2304 (E.D.N.Y. Jul. 3, 2008).

Shortly after his transfer to the MDC, Pedreira filed an administrative remedy seeking to be transferred to an RRC on May 27, 2008. His petition was denied, and he was allegedly informed that he would receive between 121 and 156 days' RRC placement. Pedreira says that he did not pursue his administrative remedies further because he had a conversation

---

[1] Pedreira also sent this Court a letter, dated July 6, 2008, "to advise the Court of further actions by MDC" that Pedreira believes were retaliatory. July 6 Letter of Robert Pedreira at 1, *Pedreira v. Lindsay*, No. 08-cv-794 (E.D.N.Y July 8, 2008). Because this letter does not request any relief, and states that Pedreira only "felt that the Court should be made aware of the actions of MDC against me," *id.* at 3, I find that no action on this letter is necessary.

with his case manager, Dawn Facey, which led him to believe that he would nonetheless receive a six-month RRC placement. Motion at 2.

After his transfer to MDC, plaintiff received a number of "incident reports" alleging infractions of MDC rules. He received his first report on July 12, 2007 for placing a call on behalf of a fellow inmate whose phone use was restricted; his second was on October 18, 2008 for breaking a handcuff key by jerking his hands while he was being uncuffed; and his third was on January 2, 2008 for intentionally misinforming MDC staff as to whether a census was usually taken in his unit. Memo at 4.

On February 15, 2008, Pedreira's Unit Team at the MDC recommended that he be transferred to an RRC on August 18, 2008. Throughout the year, Pedreira filed many more administrative remedies. Motion at 3. He also received two more incident reports, on March 25 and April 16, for storing food in his cell in violation of MDC rules. Memo at 5.

On May 15, 2008, Pedreira's RRC placement was reevaluated, and his Unit Team recommended a revised RRC placement date of December 4, 2008. Ms. Facey informed Pedreira that his RRC placement date had been changed. Later, during a telephone call with his wife that was recorded by prison officials, which I listened to in connection with a prior proceeding, Pedreira said that he "just want[ed] to kill" Facey. Memo at 6. Pedreira received an incident report charging him with making a threat against a staff member, and on June 24, 2008, Pedreira was transferred to the MCC, where he is currently incarcerated. The government claims that he was transferred because of his threat against Ms. Facey. Memo at 7.

Pedreira's new Unit Team at the MCC again reviewed his RRC placement status on July 28. They recommended restoring his August 18 placement date, but changed the date to September 23, 2008, because of a shortage of available beds at the RRC.

On June 5, after his alleged threat against Ms. Facey but prior to his transfer to MCC, Pedreira petitioned this Court for a writ of habeas corpus, alleging that he was being held at the MDC unlawfully and requesting that this Court order his transfer to the RRC. One month later, he filed the instant motion for a preliminary injunction, seeking a transfer to the RRC while his habeas petition is pending.

## DISCUSSION

As both parties observe, in deciding whether to grant injunctive relief, I must normally consider the possibility of irreparable harm to the movant, as well as the movant's likelihood of success on the merits. *Tom Doherty Assocs. v. Saban Entm't, Inc.*, 60 F.3d 27, 33 (2d Cir. 1995). In this case, however, both Pedreira and the government have neglected to consider whether I am in fact able to grant the relief requested. Because I find that I cannot, Pedreira's motion must be denied.

Pedreira wants this Court to order the Bureau of Prisons to transfer him to a specific facility, the RRC in Portland. As the Second Circuit has observed, however, the confinement of a prisoner to a particular facility is within the Bureau's sole discretion. *Levine v. Apker*, 455 F.3d 71, 83 (2d Cir. 2006) ("The BOP is the sole agency charged with discretion to place a convicted defendant within a particular treatment program or a particular facility."); *United States v. Williams*, 65 F.3d 301, 307 (2d Cir. 1995) ("A sentencing court has no authority to order that a convicted defendant be confined in a particular facility . . . ."). If, as Pedreira

4

alleges, his transfer to the MDC and the May 15 determination regarding his RRC placement constitute unlawful agency action, I could only order the agency to make a new determination in compliance with 18 U.S.C. § 3621. *See Levine*, 455 F.3d at 87 (holding that the BOP "must consider" the §3621(b) factors without reference to its improper regulation); *Pimental v. Gonzales*, 367 F. Supp. 2d 365 (E.D.N.Y. 2005) (ordering BOP to consider halfway house placement in light of § 3621(b) and without reference to the BOP's improper policies or regulations). Such an order would be superfluous here, because officials at the MCC have already made a new determination under § 3621(b), setting a placement date of September 23, 2008, and there is no indication that this determination was improper. Because I cannot grant the relief Pedreira seeks, and see no reason to grant any other form of relief, Pedriera's motion for a preliminary injunction is denied.

## CONCLUSION

For the reasons stated above, Pedreira's motion is denied. As Pedreira has failed to make a substantial showing that he was denied a constitutional right, no certificate of appealability shall issue.

So ordered.

JOHN GLEESON, U.S.D.J.

Dated: Brooklyn, New York
      September 8, 2008